UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STEVEN D. IRVIN, | Case No. 2:15-CV-2002 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| CATHERINE C. MASTO, et al., | |
| Defendant(s). | |

Presently before the court are *pro se* plaintiff Steven D. Irvin's *ex parte* motion for order to show cause and *ex parte* motion for temporary restraining order. (Doc. ## 3, 4). Also before the court is Mr. Irvin's motion or application to proceed in *forma pauperis* ("IFP"). (Doc. # 1). What is *not* before the court is a complaint.

On October 16, 2015, plaintiff filed an application to proceed in *forma pauperis*, opening the case at bar. On that same date, he filed the motions presently before the court. Plaintiff has asked the court to issue a temporary restraining order and an order to show cause for defendants' alleged violations of this court's order dated June 26, 2012, in the case of *ACLU v. Mastro, et al.*, No. 2:08-cv-00822-JCM-PAL. However, plaintiff has not filed a complaint.

Local Rule of Special Proceedings and Appeals ("LSR") 2-1 states that a "civil rights complaint filed by a person who is not represented by counsel shall be *on the form provided by this Court*." *Id*. (emphasis added). The court has approved a nine-page form complaint for *pro se* plaintiffs to plead violations of their civil rights. Mr. Irvin has failed to submit a complaint of any kind. Thus, the court is unable to evaluate his claims for relief.

Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) to proceed IFP in this action; however, his application is incomplete. (*See* Doc. #1). Plaintiff did not answer each

**James C. Mahan**
**U.S. District Judge**

question. In particular, he failed to specify the amount of money he has in cash or in a checking or savings account or specify an *appropriate* pay period applicable to his wages.  Thus, the court cannot determine whether plaintiff qualifies for IFP status.  The court will therefore deny plaintiff's IFP application without prejudice.  Plaintiff will have thirty (30) days from the date that this order is entered to submit a new IFP application and complaint.  Plaintiff's failure to comply with this order by: (a) submitting a complaint and a new IFP application or (b) submitting a complaint and paying the four hundred dollar ($400.00) filing fee before the deadline may result in this case being dismissed.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Steven D. Irvin's application to proceed in *forma pauperis* be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that plaintiff Steven D. Irvin's motion to show cause (doc. # 3) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that plaintiff Steven D. Irvin's motion for a temporary restraining order (doc. # 4) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that:

1. The clerk of court shall mail plaintiff a blank IFP application for non-incarcerated litigants along with a civil rights complaint form and instructions.
2. Plaintiff shall have until on or before **30 days from the date of this order** in which to file a completed application and complaint.
3. Alternatively, plaintiff may file a complaint in proper form and pay the four hundred dollar ($400.00) filing fee on or before **30 days from the date of this order**.

. . .

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

4.  Plaintiff's failure to comply with this order by both filing a complaint *and* either (a) submitting a new IFP application or (b) paying the filing fee before the deadline may result in this case being dismissed.

DATED October 19, 2015.

_____
UNITED STATES DISTRICT JUDGE