UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STEVEN D. IRVIN,<br><br>   Plaintiff,<br><br>v.<br><br>CATHERINE C. MASTO, et al.,<br><br>   Defendants. | Case No. 2:15-cv-02002-JCM-PAL<br><br>**ORDER**<br><br>(Mot. to File Under Seal – Dkt. #19) |

This matter is before the Court on Plaintiff Steven D. Irvin's *ex parte* Motion to File Under Seal (Dkt. #19) (the "Motion").[1] This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-9 of the Local Rules of Practice. Defendants did not file an opposition to the Motion and the time for doing so has now passed.

**I.   BACKGROUND**

Mr. Irvin is proceeding in this civil rights action *pro se*, that is representing himself. On October 15, 2015, Irvin commenced this action by filing a complaint. Mr. Irvin alleges pursuant to 28 U.S.C. § 1983 that Defendants violated his civil rights under the Fourteenth Amendment to the United States Constitution by denying him equal protection. *See* Pl.'s Compl. (Dkt. #11).

Mr. Irvin was convicted in California of certain crimes of a sexual nature in the past. Order (Dkt. #13) at 1 (citing Pl.'s Mot. for TRO (Dkt. #9), Ex. E at 23). In or about April 2015, Irvin moved to Las Vegas, Nevada, and registered with the Nevada Department of Public Safety

---

[1] The Local Rules explain that an "*ex parte* motion or application is a motion or application that is filed with the Court, but *is not served upon the opposing or other parties*." LR 7-5(a) (emphasis added). The rule instructs that all *ex parte* motions, applications or requests "may be submitted *ex parte* only for compelling reasons" and shall contain a statement showing why the matter was submitted *without notice to all parties*. LR 7-5(b), (c) (emphasis added). The certificate of mailing for Mr. Irvin's Motion for File Under Seal (Dkt. #19) states that a true and correct copy of the motion was mailed to the Nevada Attorney General and Defendants Patrick Saunders and James M. Wright. Therefore, Mr. Irvin incorrectly designated this motion as *ex parte*.

1

("NDPS") as a sex offender. Pl.'s Compl. (Dkt. #11) at 4. In September 2015, NDPS informed Irvin that his criminal history had been reviewed and he had been designated at a "Tier 3 level of community notification pursuant to NRS 179D.730(3)." *Id.* Mr. Irvin contacted NDPS and requested an opportunity to contest or appeal the designation. *Id.* at 4–5. Irvin was told that he needed to direct his questions to an NDPS supervisor, Defendant Patrick Saunder. *Id.* at 5. Dissatisfied with Mr. Saunder's justification for designating him as a Tier 3 offender, Mr. Irvin contacted the Nevada Attorney General's office regarding the interpretation and application of the registration laws. *Id.* at 7. Irvin alleges that a deputy attorney general told him that Mr. Saunders "misunderstood" the registration statute and "she would take care of it," but he "never heard back from her." *Id.* On October 15, 2015, NDPS issued a community notification regarding Irvin's status as a Tier 3 sex offender. *Id.* at 8. As a result of the community notification, Irvin alleges he was evicted from his rental property and has been harassed by strangers. *Id.*

The Complaint (Dkt. #11) alleges that NDPS misapplied specific statutes to Mr. Irvin and retaliated against him by issuing the community notification based on his contact with the Nevada Attorney General's office. On January 7, 2016, Irvin filed *ex parte* a Motion for an Order to Show Cause Why a Preliminary Injunction Should Not Issue (Dkt. #8) and Motion for a Temporary Restraining Order (Dkt. #9) alleging that he is suffering irreparable and immediate harm due to the fact that he was misclassified as Tier 3 sex offender. The Honorable James C. Mahan, United States District Court Judge, denied the motions on January 11, 2016. *See* Order (Dkt. #13). Mr. Irvin subsequently filed a Motion for Relief (Dkt. #18) from that Order, which essentially asks Judge Mahan to reconsider his ruling on Irvin's motions for injunctive relief.

**II.    IRVIN'S MOTION TO FILE UNDER SEAL (DKT. #19)**

As a general matter, there is a strong presumption of access to judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). "In keeping with the strong public policy favoring access to court records, most judicial records may be sealed only if the court finds 'compelling reasons'." *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025–26 (9th Cir. 2014) (citing *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010)). In general, compelling reasons exist when court records might become a vehicle for improper purposes, "such

1  as to gratify private spite, promote public scandal, commit libel, or release trade secrets." *In re*
2  *Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 429 (9th Cir. 2011) (citing
3  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *see also Oliner*, 745 F.3d at 1026
4  (finding that embarrassment, annoyance, or undue burden were not compelling reasons to seal the
5  entire court record).

6      The Ninth Circuit has held that the strong presumption of access to judicial records "applies
7  fully" to dispositive motions such as motions for summary judgment and related attachments,
8  which may decide the substantive merits of a case without a trial. *Kamakana*, 447 F.3d at 1179.
9  This principle of disclosure was adopted for dispositive motions because "the resolution of a
10 dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in
11 ensuring the "public's understanding of the judicial process and of significant public events." *Id.*
12 (citing *Valley Broadcasting Co. v. U.S. Dist. Ct.*, 798 F.2d 1289, 1294 (9th Cir. 1986)). However,
13 the court must also look past the literal dispositive or nondispositive label for all motions to
14 determine whether the "compelling reasons" standard applies. *Center for Auto Safety v. Chrysler*
15 *Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016) (finding that "public access to filed motions and
16 their attachments does not merely depend on whether the motion is technically 'dispositive' ").
17 Courts must examine "whether the motion at issue is more than tangentially related to the
18 underlying cause of action." *Id*. *See also, e.g.*, *Oliner*, 745 F.3d at 1026; *Pintos*, 605 F.3d at 678;
19 *Kamakana*, 447 F.3d at 1179; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134–36
20 (9th Cir. 2003); *Phillips v. General Motors*, 307 F.3d 1206, 1212–13 (9th Cir. 2002). When a
21 motion that is more than tangentially related to the merits of a case, a movant must show
22 "compelling reasons" to seal any judicial records attached thereto. *Center for Auto Safety*, 809
23 F.3d at 1101 (finding that the compelling reasons standard applied to a request to seal documents
24 attached to a technically non-dispositive motion for preliminary injunction).

25     When applying the compelling reasons standard, "a district court must weigh relevant
26 factors, base its decision on a compelling reason, and articulate the factual basis for its ruling,
27 without relying on hypothesis or conjecture." *Pintos*, 605 F.3d at 679 (quoting *Hagestad v.*
28 *Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). "Relevant factors" include, but are not limited to,

1  the "public interest in understanding the judicial process and whether disclosure of the material
2  could result in improper use of the material for scandalous or libelous purposes or infringement
3  upon trade secrets." *Id*. *See also EEOC v. Erection Co., Inc.*, 900 F.2d 168, 170 (9th Cir. 1990);
4  *Goodman v. Las Vegas Metro. Police Dep't*, 963 F. Supp. 2d 1036, 1049 (D. Nev. 2013), *aff'd in*
5  *part*, *rev'd in part*, *on other grounds*, 2015 WL 3463110 (9th Cir. June 2, 2015).  Although the
6  decision to grant or deny a motion to seal is within the district court's discretion, the court must
7  articulate its reasoning in deciding a motion to seal.  *Pintos*, 605 F.3d at 679.

8      Mr. Irvin filed the Motion (Dkt. #19) in conjunction with his Motion for Relief (Dkt. #18),
9  which asks Judge Mahan to reconsider his Order (Dkt. #13) denying Irvin's Motion for an Order
10 to Show Cause Why a Preliminary Injunction Should Not Issue (Dkt. #8) and Motion for a
11 Temporary Restraining Order (Dkt. #9).  The Motion for Relief (Dkt. #18) asserts that Defendant
12 Saunders' actions were intentional because Saunders had "actual and constructive knowledge that
13 plaintiff was not convicted [of] a sexual crime involving minors" and possessed certain police
14 reports and court documents at the time Saunders erroneously classified Irvin as a Tier 3 offender.
15 *Id*. at 3–4.  Pursuant to LR 10-5, the Motion (Dkt. #19) asks the Court to seal a document that
16 contains the name of an individual who contacted Saunders about Irvin.  *Id*. at 1–2 (attaching Oct.
17 2, 2015 Letter from Mr. Irvin's counsel to Mark J. Saladino, Counsel for the County of Los
18 Angeles (the "Letter")).  Mr. Irvin asserts that he submitted the Letter to the Court for the "soul
19 [*sic*] purpose of allowing the court to see exactly what's going on, and know that the allegations
20 in the civil rights complaint is no mistake or error."  *Id*. at 2.  This statement demonstrates that Mr.
21 Irvin intends that the Letter will establish the merits of his claims.  The Motion for Relief
22 (Dkt. #18) is therefore "more than tangentially related to" the substantive merits of his claims.  As
23 such, Mr. Irvin must show "compelling reasons" to seal the Letter.

24     In the current Motion (Dkt. #19), Mr. Irvin argues that the name of the individual who
25 contacted Saunders "cannot be revealed at this time because the individual is currently under
26 investigation by the Federal government for violating the civil rights of this plaintiff."  *Id*. at 1–2.
27 If the individual's name were to be disclosed, Irvin asserts that the revelation "would jeopardize
28 the integrity of the government's investigation."  *Id*. at 2.  However, the Letter does not mention

4

1 Nevada, Defendant Saunders, NDPS' classification of Irvin as a Tier 3 sex offender, or otherwise
2 indicate that a government investigation is ongoing.  *See In re Roman Catholic Archbishop of
3 Portland*, 661 F.3d at 425 (sealing of entire documents is improper when any confidential
4 information can be redacted while leaving meaningful information available to the public).  The
5 Ninth Circuit has expressly rejected efforts to seal documents under the "compelling reasons"
6 standard where the movant makes "conclusory statements about the contents of the documents—
7 that they are confidential and that, in general," their disclosure would be harmful to the movant.
8 *Kamakana*, 447 F.3d at 1182.  Such "conclusory offerings do not rise to the level of 'compelling
9 reasons' sufficiently specific to bar the public access to the documents." *Id*.  Mr. Irvin has not
10 articulated compelling reasons to justify sealing the Letter that Judge Mahan will rely upon in
11 determining whether Irvin is entitled to injunctive relief.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff Steven D. Irvin's *ex parte* Motion to File Under Seal (Dkt. #19) is DENIED.

2. The Clerk of the Court is instructed to UNSEAL the motion and its attachment.

Dated this 29th day of April, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE