UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVEN D. IRVIN, | Case No. 2:15-CV-2002 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| CATHERINE C. MASTO, et al., | |
| Defendant(s). | |

Presently before the court is *pro se* plaintiff Steven D. Irvin's motion for relief from the court's order. (ECF No. 18). Defendants have not filed a response, and the time for doing so has passed.

Also before the court are plaintiff's *ex parte* emergency motion for a protective order to restore *status quo* (ECF No. 37) and motion to extend time. (ECF No. 22). Responses have not been filed.

The court will address Irvin's motion for relief first. Upon initiating this lawsuit under 42 U.S.C. § 1983, plaintiff filed motions for a temporary restraining order and for a preliminary injunction. (ECF Nos. 8 and 9). After applying the *Winter* factors, the court found that all four factors weighed in favor of denying the motions. *See Winter v. N.R.D.C.*, 129 S. Ct. 365, 374–76 (2008); (ECF No. 13 at 4–8). Plaintiff now seeks relief from that order under Federal Rule of Civil Procedure ("Rule") 60(b). (*See* ECF No. 18).

Plaintiff does not state with particularity any ground for relief under Rule 60(b) or Local Rule ("LR") 59-1(a). *See* FED. R. CIV. P. 60(b); D. NEV. R. 59-1(a). Instead, plaintiff seeks to re-litigate the issues already decided in the court's previous order. A Rule 60(b) motion, however, "is not an avenue to re-litigate the same issues and arguments upon which the court has already

**James C. Mahan**
**U.S. District Judge**

ruled." *Brown v. Kinross Gold, U.S.A.,* 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005); *see Merozoite v. Thorp,* 52 F.3d 252, 255 (9th Cir. 1995).

Plaintiff continues to put forth the same unavailing arguments he made in the original motions. In particular, he argues that a ruling from a California state court judge, (ECF No. 11 at 78), precludes the Nevada Department of Public Safety from determining his sex offender classification status, which it does not. Furthermore, he argues that Nevada's classification was incorrect. The court ruled on these issues in its prior order denying the original motions for injunctive relief. (*See* ECF No. 13 at 4–8). Accordingly, plaintiff's motion for reconsideration under Rule 60(b) is denied.

The court now turns to plaintiff's *ex parte* emergency motion for a protective order to restore *status quo*. (ECF No. 37). The motion is styled as a motion for a protective order, but plaintiff is in fact asking the court for the same injunctive relief as he did in the original motions discussed above. (*See id.*) He asks the court to enjoin defendants from classifying him under Nevada sex offender registration laws or listing him on the state's community notification website.

Irvin represents that the defendants in this matter have informed him that they will be relisting plaintiff on the state's community notification website, from which he was previously removed, as a tier 3 sex offender. (*Id.* at 2). While this affects the likelihood of irreparable injury prong of the *Winter* analysis the court performed in its previous order, the court finds that the factor is still significantly outweighed by the other three factors. See *Winter v. N.R.D.C.*, 129 S. Ct. at 374–76. The analysis under those factors is not affected by plaintiff's new assertion.

Plaintiff has little likelihood of success on the merits, the balance of hardships does not weigh in his favor, and advancement of the public interest requires denial of the injunctive relief given his low likelihood of success. *See id.* Applying the sliding scale approach used in the Ninth Circuit, the court finds that the *Winter* elements weigh heavily in defendant's favor and against an injunction. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1131 (9th Cir. 2011). Plaintiff's motion for injunctive relief is therefore denied.

Finally, plaintiff filed a motion to extend time to respond to defendants' motion to dismiss. Good cause to extend the deadline appearing, the motion is granted.

**James C. Mahan**
**U.S. District Judge**

1  Accordingly,

2  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that *pro se* plaintiff Steven
3  D. Irvin's motion for relief from the court's order (ECF No. 18) be, and the same hereby is,
4  DENIED.

5  IT IS FURTHER ORDERED that plaintiff Steven D. Irvin's *ex parte* emergency motion
6  for a protective order to restore *status quo* (ECF No. 37) be, and the same hereby is, DENIED.

7  IT IS FURTHER ORDERED that plaintiff Steven D. Irvin's motion to extend time (ECF
8  No. 22) be, and the same hereby is, GRANTED.

9  DATED July 6, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**