UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVEN D. IRVIN, | Case No. 2:15-CV-2002 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| CATHERINE C. MASTO, et al., | |
| Defendant(s). | |

Presently before the court is defendants Adam Laxalt,[1] James Wright, and Patrick Saunders' motion to dismiss (ECF No. 20) *pro se* plaintiff Steven Irvin's complaint alleging a complaint under 42 U.S.C. § 1983.  (ECF No. 11).  Plaintiff has filed a response (ECF No. 23), and defendants have filed a reply (ECF No. 26).

**I.     Background**

On April 22, 2015, Mr. Irvin, who had moved to Nevada, registered as a sex offender with the State of Nevada due to past convictions for crimes of a sexual nature.  *Id.*  On September 25, 2015, Mr. Irvin received a letter from the Nevada Department of Public Safety ("NDPS").  (ECF No. 11 at 4).  The letter informed plaintiff that his criminal history had been reviewed, and the department had designated him a "Tier 3 [l]evel of community notification pursuant to NRS 179D.730(3)."  *Id.*  On that same day, plaintiff contacted NDPS to ask for an opportunity to contest or appeal the designation.  *Id.*  He also asked for the applicable law that required his designation as a "[t]ier 3" offender.  *Id.* at 4–5.

A case worker suggested that plaintiff would need to contact defendant Patrick Saunder regarding his inquiry.  *Id.* at 5.  Irvin did so.  Not satisfied with Mr. Saunder's response, plaintiff

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Adam Paul Laxalt has succeeded Catherine Masto as Nevada's Attorney General and therefore is "automatically substituted as a party." (*See* ECF No. 2).

**James C. Mahan**
**U.S. District Judge**

also contacted Paul Mortinsen. *Id.* Mr. Mortinsen informed him by e-mail that the applicable provisions of state law applying to his designation are Nevada Revised Statute ("NRS") sections 179D.730 and 179D.740. *Id.* Mr. Mortinsen also indicated that the reason these statutes do not appear in the current edition of the NRS is because Assembly Bill ("AB") 579 repeals those statutes. *Id.* He explained that AB 579 was "struck down" by courts before it could be implemented. *Id.* Accordingly, Nevada is currently still applying NRS 179D.730, 179D.740, and the other sections of the NRS that AB 579, if implemented, would repeal. *Id.* at 5, 23–24. Since that time, Mr. Irvin, and his attorney Charles Kilgore, have had numerous discussions with Mr. Saunder about the applicable law. *Id.* at 5–7.

Still concerned about the application of the registration laws, Mr. Irvin contacted the attorney general's office. *Id.* at 7. A staff member there allegedly told plaintiff that Mr. Saunder misunderstood the law, based solely on Irvin's characterization to her of his discussions with Mr. Saunder. *Id.*

On October 15, 2015, the NDPS issued a community notification regarding Mr. Irvin's sex offender status. *Id.* at 8. Irvin's landlord evicted him based on the notification. *Id.* at 8. Mr. Irvin has allegedly been harassed by strangers based on the community notification. *Id.* at 8. Mr. Irvin disputes his classification as a tier 3 offender, arguing that the NDPS mistakenly classified him. *Id.* at 6–8.

Mr. Irvin's complaint (ECF No. 11) alleges that the NDPS is applying specific NRS statutes against him in violation of this court's permanent injunction (ECF No. 77) in the case *ACLU v. Masto et al.*, case no. 2:08-cv-00822-JCM-PAL. He also asserts that his classification as a tier 3 sex offender by Mr. Saunder's office was a retaliatory response to his inquiry to the attorney general about Mr. Saunder's application of the law. (ECF No. 11 at 8). Based on those allegations, plaintiff asserts that he has been denied equal protection under the Fourteenth Amendment to the United States Constitution. (ECF No. 11 at 4).

## II. Legal Standard

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although rule 8 does not require detailed factual allegations, it does require more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a formulaic

**James C. Mahan**
**U.S. District Judge**

- 2 -

recitation of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted). Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 678–79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief. *Id.*

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* First, the court must accept as true all of the allegations contained in a complaint. However, this requirement is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

  *a. Paul Laxalt*

The court effectively agrees with the defendant's motion to dismiss as it relates to Adam Paul Laxalt, who became Nevada's attorney general on January 5, 2015, and therefore replaces Catherine Masto as a party. Fed. R. Civ. P. 25(d). While the plaintiff's complaint alleges some contact with the Nevada attorney general—calling the attorney general's office and sending the

**James C. Mahan**
**U.S. District Judge**

- 3 -

attorney general a letter (ECF No. 11 at 7–8)—the complaint indicates no facially plausible claim suggesting that Catherine Masto violated plaintiff's 14th Amendment rights. The attorney general appears to be at most very remotely related to the central issue of the determination and enforcement of plaintiff's sex offender classification from the text of the pleading. *Id.* Viewing the complaint in light most favorable to the plaintiff, Mr. Irvin asserts the mere conclusory statement that Ms. Masto was "supposedly a deputy responsible for the litigation of the Nevada law." (ECF No. 11 at 7), *see also Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

However, litigation of the applicable Nevada sexual offender classification law is not at issue here. Instead, the application of Nevada law is the relevant question in this case. (ECF No. 11 4–6). Based on the text of the complaint, the court cannot draw a reasonable inference that Ms. Masto is liable for the misconduct alleged. With respect to this defendant, plaintiff's complaint does not articulate the connection between any of Ms. Masto's actions to the alleged deprivation of plaintiff's constitutional rights. Therefore, defendants' motion to dismiss plaintiff's claim as it relates to Ms. Masto—and thus Adam Laxalt—is granted.

*b. James Wright and Patrick Saunder*

Plaintiff sues defendants for both monetary and injunctive relief under 42 U.S.C. § 1983. (ECF No. 11 at 1 and 13). In response, defendants Wright and Saunder both assert that the Eleventh Amendment to the United States Constitution's sovereign immunity protections apply. (ECF No. 20 at 4–5).

Section 1983 allows redress against a state for allegedly depriving a plaintiff of civil rights if the state has waived immunity or if Congress has used its "undoubted power" granted by § 5 of the Fourteenth Amendment to abrogate state immunity. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). The state of Nevada has expressly refused to generally waive its immunity provided by the Eleventh Amendment. N.R.S. § 41.031(3). Further, it does not appear that Congress has exercised its power under the Fourteenth Amendment to abrogate Nevada's sovereign immunity as a state. *See O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982), *see also Matlean v. Nevada*, 2009 WL 3514546, at *2 (D. Nev. Oct. 29, 2009). Therefore, a § 1983 claim against Nevada is generally barred by the Eleventh Amendment.

Turning towards the application of sovereign immunity to state officials, "[o]bviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different

**James C. Mahan**
**U.S. District Judge**

- 4 -

from a suit against the State itself." *Will*, 491 U.S. at 71 (citations omitted).  However, the Eleventh Amendment does not bar claims against state officers for injunctive relief if the claim is based on an allegation of a violation of the Constitution. *See Ex parte Young*, 209 U.S. 123, 159–160 (1908).  Additionally, it is possible for a § 1983 plaintiff to recover damages individually from a state officials if they are sued in their personal capacity. *See, e.g. Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  In sum, this discussion of sovereign immunity with respect to § 1983 claims illustrates the importance of pleadings acceptably free from confusion regarding the parties and the relief sought.  Otherwise, the court ultimately would have to guess whether plaintiff has asserted "a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

Here, plaintiff has checked boxes on the second page of the complaint, which appears to be a § 1983 complaint template, indicating that he means to sue each defendant in their individual capacities.  (ECF No. 11 at 2).  This indication would seem to clearly show the plaintiff's intent to, in fact, sue defendants in their personal capacities for individual recovery.

However, the next line on the template asked the plaintiff to "Explain how this defendant was acting under color of law[.]" *Id.*  In response, the plaintiff writes that "[defendant] was acting under the color of auth[or]ity in [vio]lation of plaintiff federal due process rights." *Id.*  The source of this authority, such as if it stems from color of state law or the defendant's official capacity is unclear.  This lack of clarity would likely not be fatal to the complaint's ability to survive a 12(b)(6) motion but for the additional information regarding the nature of the suit provided by the complaint's "Request for Relief." (ECF No. 11 at 13).

In the "Request for Relief" section, the plaintiff states that:

> This court should order the state department of public safety to put the plaintiff back at the status he was when he registered on April 22, 2015 as stated in exhibit "A". The court should further order the state to reimburse plaintiff for relocation fees cause [sic] by the states [sic] failure to provide due process and equal protection of the law in this matter. The cost of renting a residence instead of an apartment is at $60,000 and issue emergency tro/protection order and any other relief this court deemed necessary.

*Id.*

The relief requested in the complaint therefore casts serious doubt upon the true nature of plaintiff's claim.  Plaintiff asks that the "state department of public safety" take action regarding his sexual offender categorization status and that "the state" provide pecuniary compensation. *Id.*  Conspicuously absent from the complaint is any prayer of relief discussing the defendants in their individual capacity.  If a suit is for recovery of money from a state, the state is the party in interest

**James C. Mahan**
**U.S. District Judge**

- 5 -

and may assert sovereign immunity, even if individual defendants are listed in the complaint. *See Ford Motor Co. v. Department of the Treasury*, 323 U.S. 459, 464 (1945), *see also Maxwell v. County of San Diego*, 708 F.3d 1075, 1088 (9th Cir. 2013). Relevantly, "[§] 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will*, 491 U.S. at 66.

Therefore, the text of plaintiff's complaint is internally inconsistent on its face as to whether plaintiff is suing defendants in their individual or official capacity. Currently, the court—at best—would have to guess the true targets or parties and nature of plaintiff's complaint because of the apparent inconsistency demonstrated in the text of that complaint. Consequently, the plaintiff has failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Adam Laxalt, James Wright, and Patrick Saunder's motion to dismiss (ECF No. 20) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff Steven Irvin's complaint (ECF No. 11) be, and the same hereby is, DISMISSED without prejudice.

DATED August 22, 2016.

                                                  UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**